1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO RAMON ROSADO, | ) | No. C 12-1438 LHK (PR) |
| Petitioner, | ) | ORDER GRANTING MOTION TO DISMISS PETITION; DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) | |
| WARDEN RANDY GROUNDS, | ) | |
| Respondent. | ) | (Docket No. 6) |
| _____ | ) | |

Petitioner, a state prisoner proceeding pro se, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2010 decision by the Governor, reversing the California Board of Parole Hearings' ("Board") decision which determined that Petitioner was suitable for parole. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed a motion to dismiss the petition as untimely, or in the alternative, for failing to state a claim. Petitioner has filed three responses with supporting memoranda of points and authorities. Respondent has filed a reply. Having considered the papers submitted, the Court GRANTS Respondent's motion to dismiss.

**BACKGROUND**

On June 10, 1988, Petitioner pleaded guilty to second degree murder. (Pet. at 1.) On July 8, 1988, he was sentenced to a term of 15 years to life in state prison. (*Id.*, Ex. 2B.) Petitioner filed state habeas petitions in each of the three levels of state court, but was unsuccessful in receiving relief. Petitioner filed the underlying petition on March 21, 2012. In his federal petition, Petitioner

claims that his plea agreement was breached when the Governor reversed the Board's parole

suitability finding in 2010.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas

corpus filed by state prisoners.  Under the AEDPA, petitions filed by prisoners challenging

non-capital state convictions or sentences must be filed within one year of the latest of the date on

which: (1) the judgment became final after the conclusion of direct review or the time passed for

seeking direct review; (2) an impediment to filing an application created by unconstitutional state

action was removed, if such action prevented petitioner from filing; (3) the constitutional right

asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme

Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim

could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The

time during which a properly filed application for state post-conviction or other collateral review is

pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in

"custody pursuant to the judgment of a State court," even if the petition challenges a pertinent

administrative decision rather than a state court judgment.  *Shelby v. Bartlett*, 391 F.3d 1061, 1063

(9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  For prisoners challenging administrative decisions

such as the revocation of good time credits or the denial of parole, section 2244(d)(1)(D) applies.

*See id.* at 1066.  Under section 2244(d)(1)(D), the one-year limitation period starts on the date upon

which "the factual predicate of the claim or claims presented could have been discovered through

the exercise of due diligence."  The time begins "when the prisoner knows (or through diligence

could discover) the important facts, not when the prisoner recognizes their legal significance."

*Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (internal quotation marks omitted); *see*

*Shelby*, 391 F.3d at 1066 (limitations period began to run the day after petitioner received timely

notice of the denial of his administrative appeal challenging disciplinary decision); *Redd v.*

*McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when the Board

denied prisoner's administrative appeal challenging denial of parole).

1    Here, Petitioner asserts that the Governor's reversal of the Board's parole suitability

2    determination violated the terms of his plea agreement, and as a result, he has been imprisoned for

3    ten years beyond the agreed upon term.  (Dkt. 1 at 4.)  Petitioner concedes that he was sentenced to a

4    term of fifteen years to life.  However, he contends that he pleaded guilty with the understanding

5    that he would serve no more than 14 years 2 months.[1]  (*Id.* at 2.)  Respondent asserts that the statute

6    of limitations started running, at the latest, upon Petitioner's completion of his anticipated 14 year 2

7    month sentence, i.e., in September 2002.  This Court agrees.  When September 2002 passed and

8    Petitioner was not released, Petitioner knew or should have known the factual predicate underlying

9    his breach of plea claim.  Thus, the limitations period started running on that date and expired one

10   year later, in September 2003 -- more than 8 years before Petitioner filed his petition challenging the

11   breach of the plea agreement.  Thus, the petition is untimely unless Petitioner can establish statutory

     or equitable tolling.

12       The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a

13   properly filed application for State post-conviction or other collateral review with respect to the

14   pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, there is no basis for

15   statutory tolling because Petitioner's first state habeas petition was not filed until 2011 (Pet. at 4,

16   Resp. at 5), approximately 8 years after the limitations period had already expired.  *See Ferguson v.*

17   *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of

18   the limitations period that has ended before the state petition was filed," even if the state petition

19   was timely filed).

20       Petitioner also does not argue that he is entitled to equitable tolling.  The Supreme Court has

21   determined that Section 2244(d) is subject to equitable tolling in appropriate cases.  *Holland v.*

22   *Florida*, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he

23   shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

24   circumstance stood in his way and prevented timely filing."  *Id.* at 2562 (internal quotation marks

25   omitted).  The Ninth Circuit has held that the petitioner bears the burden of showing that this

26   "extraordinary exclusion" should apply to him.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.

27

28       [1] Petitioner claims also that the trial judge estimated that, practically speaking, Petitioner
     would likely only serve 8 to 10 years.  (*Id.* at 2.)

2002).  Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory or equitable principles.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). Here, even though Petitioner was given notice that the petition was subject to dismissal, and provided an opportunity to respond, Petitioner failed to present any argument as to why his petition should be considered timely.  Thus, he has not met his burden of demonstrating that he is entitled to equitable tolling.

Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).[2]

## CONCLUSION

Respondent's motion to dismiss the petition is GRANTED.  The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  For the reasons set out in the discussion above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: 12/17/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2]  Because the Court is dismissing the petition on timeliness grounds, it is unnecessary to address Respondent's argument that the petition fails to state a cognizable claim.